PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**June 7, 2007**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

NEIL M. ROSE aka Neil Martin Rose;
IMPACT ALLOYS FOUNDRY, INC.;
IMPACT ALLOYS CORPORATION,

Debtor.

Case No. 01-49703 (Lead)
01-49934
01-49935
03-52214

**MEMORANDUM DECISION**

**NOT FOR PUBLICATION**

This matter came before the Court on the motion of the Chapter 7 Trustee (Trustee), appointed in the above-captioned bankruptcy case (Washington Bankruptcy), for authority to make interim distribution to creditors (Motion to Disburse). An objection to the Motion to Disburse was filed by Neil M. Rose (Debtor). Based on the pleadings and arguments presented, the Court's findings of fact and conclusions of law are as follows:

### FINDINGS OF FACT AND PROCEDURAL HISTORY

The matter was originally noted for hearing on May 1, 2007. The Court continued the matter to May 10, 2007 by a Notice of Continuance, after the Debtor filed a Notice of Hearing Conflict; Stay of Proceedings. In the Notice of Hearing Conflict; Stay of Proceedings, the Debtor alleges that all actions in the Washington Bankruptcy are stayed under 11 U.S.C.

MEMORANDUM DECISION - 1

§ 362 due to his subsequent filing of a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Arizona, under Case No. 2-07-00516-PHX-CGC (Arizona Bankruptcy).

In its Notice of Continuance, which was served on the Debtor and Trustee, the Court indicated that, as the Debtor currently resides in the State of Arizona, the continued hearing would be by telephone. The parties were notified that if they wished to participate in the telephonic hearing they were to contact the Court "no later than noon May 9, 2007, in order to receive the call-in telephone number and code for telephonic participation." The Debtor did not contact the Courtroom Deputy as required. On May 10, 2007, at 10:15 a.m., the Debtor filed a Notice of Hearing Conflict; Stay of Proceedings (dated May 7, 2007) setting forth that the Debtor was not available by telephone on May 10. The Court did not receive notice of the document filed on May 10, 2007, until after the telephonic hearing was held at 10:30 a.m., at which only the attorney for the Trustee appeared.

Notwithstanding the Debtor's failure to appear at the May 10, 2007 hearing, the Court requested additional briefing from both parties. By an Order Requiring Additional Briefing and Denying Debtor's Request for Continuance of Hearing entered on May 10, 2007, the parties were given until May 22, 2007, to file additional briefing as to whether the filing of the Arizona Bankruptcy stays the Trustee's Motion to Disburse. Additional pleadings were filed by both the Debtor and the Trustee.

The Trustee indicates in her pleadings with the Court that she currently holds approximately $554,000 in unencumbered estate funds. She proposes to make an interim distribution to creditors with allowed claims. Separate applications were also filed by the Trustee (Kathryn A. Ellis), Trustee's attorneys (Ryan, Swanson & Cleveland, PLLC) and

Trustee's accountants (Quackenbush & Hansen, P.S.). Specifically, the Trustee proposes to disburse $500,000 as follows:

| | |
|---|---|
| Interim compensation for the Trustee | $48,840.42 |
| Interim compensation for the Trustee's attorneys | $84,702.12 |
| Interim compensation for the Trustee's accountants | $1,488.08 |
| Unsecured non-priority claims allowed by the Final Claims Order | $364,969.38 |

The sole objection to the proposed Motion to Disburse is the Debtor's pleading asserting that the filing of the Arizona Bankruptcy stays the Trustee's Motion to Disburse and presumably all other motions filed in this Court to complete the case.

## CONCLUSIONS OF LAW

The Trustee has represented that in excess of the $500,000 in funds in her possession are proceeds from the sale of the Debtor's real property located at 2110 SE 105th Court, Vancouver, Washington (Property). The sale of the Property was authorized by this Court by order entered November 7, 2006 (Docket No. 392), and has not been overturned on appeal. This order also authorized the Trustee to retain the net proceeds as unencumbered funds of the estate.

Although it is unclear from the pleadings filed by the Debtor in this Court, it appears that he may be asserting that the estate assets in the Washington Bankruptcy are also assets of the Arizona Bankruptcy estate. However, under the single estate rule, it is well established that such "property cannot be an asset of both estates simultaneously." Bateman v. Grover (In re Berg), 45 B.R. 899, 903 (9th Cir. BAP 1984). The funds under the control of the Trustee are part of the Debtor's bankruptcy estate in the Washington Bankruptcy and did not become a part of the Debtor's bankruptcy estate in Arizona when the subsequent Arizona petition was

filed. See 11 U.S.C. § 541 (defining property of the estate). The Debtor's Chapter 7 bankruptcy estate was created nearly six years ago in October, 2001, and will continue to exist until the Washington Bankruptcy is either closed or dismissed. See 11 U.S.C. §§ 349(b)(3) and 554; see also, In re Studio Five Clothing Stores Inc., 192 B.R. 998, 1006 (Bankr. C.D. Cal. 1996).

Requiring the Trustee to seek relief from stay to continue administering assets of the Debtor's bankruptcy estate in the Washington Bankruptcy would not serve the purposes underlying the stay. See Prewitt v. North Coast Village, Ltd. (In re North Coast Village, Ltd.), 135 B.R. 641, 643 (9th Cir. BAP 1992) (holding that a creditor does not need to seek relief from the automatic stay in order to file an adversary proceeding against a debtor in the bankruptcy court where the debtor's bankruptcy case is pending). To conclude that a later bankruptcy filing in a different judicial district would stay a bankruptcy proceeding filed over five years earlier in a completely different jurisdiction is illogical. A bankruptcy trustee's ability to administer an estate would be significantly hampered if a debtor could halt all proceedings in a pending bankruptcy case by simply filing multiple cases in other districts and requiring a trustee to first seek relief from stay from the other courts before continuing administration of the assets under his or her control. It would also allow a debtor to indefinitely stay a court's rulings with which the debtor disagrees without ever filing an appeal. A debtor cannot circumvent the procedural requirements of the Bankruptcy Code and Rules and collaterally attack the final rulings of one bankruptcy court merely by filing a subsequent petition before another bankruptcy court or judge.

The Trustee's motion is not an act against the Debtor, nor is it an act or proceeding against property that would comprise the Debtor's estate in the Arizona Bankruptcy. See 11

U.S.C. § 362(a). This Court has already ruled regarding these funds and determined that they are funds of the Washington Bankruptcy estate to be administered by the Trustee appointed in this case. There are no pending appeals of this order, nor are there any orders staying the proceedings before this Court. The Court concludes that the Debtor is incorrect that the Trustee's current motion is stayed by the Debtor's subsequent bankruptcy filing in the State of Arizona.

For each of the reasons stated above, this Court concludes that the automatic stay does not prevent consideration of the Trustee's Motion to Disburse by this Court.

DATED: June 7, 2007

*/s/ Paul B. Snyder*
Paul B. Snyder
U.S. Bankruptcy Judge

Certificate of Mailing: I certify I mailed copies of this document to

Neil M. Rose
8912 E. Pinnacle Peak Road #478
Scottsdale, AZ 85255

Timothy W. Dore
1201 Third Ave. #3400
Seattle, WA 98101-3034

DATED: June 7, 2007

By: */s/ Shawn Utley*