PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**July 16, 2008**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____ DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In re:<br><br>NEIL M. ROSE aka Neil Martin Rose; IMPACT ALLOYS FOUNDRY, INC; IMPACT ALLOYS CORPORATION,<br><br>Debtor. | Case No. 01-49703 (Lead)<br>01-49934<br>01-49935<br>03-52214<br><br>**MEMORANDUM DECISION**<br><br>**NOT FOR PUBLICATION** |

THIS MATTER came on for consideration, without oral argument, on July 14, 2008, on the Chapter 7 Trustee's Final Report (Pre-Distribution) and Applications for Fees [Docket #473] (Final Report), Application for Final Compensation for Trustee's Accountant [Docket #475], Ryan, Swanson & Cleveland, PLLC's Second and Final Application for Compensation [Docket #476] (Trustee Matters) (filed May 16, 2008) and Neil M. Rose's (Debtor or Rose) two motions, Motion to Deny Ellis' Request for Money for Court Costs, Etc. [Docket #471] and Motion for Clarification; Motion to Deny Hatcher's Request for "Expenses

MEMORANDUM OF DECISION - 1

of Administration" Be Taken From Funds of Rose Estate [Docket #472] (Rose Motions) (filed April 22, 2008, and April 29, 2008, respectively).

On May 19, 2008, the Court entered an Order of Continuance and Order Regarding All Future Matters/Hearings [Docket #479] (May 19, 2008 Order) continuing the Trustee Matters scheduled for hearing on July 1, 2008, in Vancouver, Washington, and setting the Rose Motions for consideration on July 14, 2008, without oral argument. Objections and/or responses to the Trustee Matters and Rose Motions were to be in writing and filed with the Court no later than July 7, 2008. The May 19, 2008 Order further provided that all further matters/hearings in this case shall be noted for hearing in accordance with the Court's schedule in Tacoma, Washington, but oral argument shall not be held without the express written consent or invitation of the Court.

On July 1, 2008, the Chapter 7 Trustee (Trustee) filed a response to the Rose Motions [Docket #483]. On July 3, 2008, the Debtor filed a document entitled Party Neil M. Rose's Objection, Demand and Order (Rose Objection) [Docket #485]. On July 7, 2008, the Trustee filed a response to the Rose Objection [Docket #486]. On July 14, 2008, Debtor filed Party Neil M. Rose's Answer to the Ellis/Dore: "Trustee's Response to Rose's Objection to the Final Report" and My Objection to Their Request for Additional Criminal Favors in a Void Proceeding [Docket # 489].

Based on the pleadings submitted, the Court's findings of fact and conclusions of law are as follows:

## I. FINDINGS OF FACT

The long history of this case has been previously set forth by this Court in several prior Memorandum Decisions, and more recently by the Ninth Circuit Bankruptcy Appellate Panel

(BAP) in <u>Ruggerio v. Rose (In re Rose)</u>, BAP No. WW-07-1395-JuKuK (July 10, 2008) (BAP Memorandum). The factual background as set forth in the BAP Memorandum is incorporated by reference.

## II. OBJECTIONS AND REQUESTS BY THE PARTIES

The Trustee and her counsel seek the approval of the Final Report, professional fees and costs, and requests that the Court enjoin the Debtor from taking any further action against the Trustee or her professionals without prior leave of this Court. The Debtor objects to the payment of Court costs, objects to the enforcement of the May 19, 2008 Order dispensing with oral arguments without the express written consent or invitation of the Court, challenges the jurisdiction of the Court to rule on the Final Report, objects to the Trustee's request to enjoin the Debtor from taking any further action against the Trustee or her professionals, and requests recusal of the undersigned judge.

## III. DISCUSSION

### A. Objection to the payment of Court costs

The Clerk of the Bankruptcy Court (Clerk) has requested payment of expenses of administration in the amount of $542 from the Debtor's bankruptcy estate [Docket #470], which are included in the Final Report. The payment of the Clerk's expenses are statutorily imposed by the Judicial Conference in accordance with 28 U.S.C. § 1930. The Debtor's objection to the inclusion of the Clerk's expenses to be distributed pursuant to the Trustee's Final Report is denied.

### B. Objection to the enforcement of the May 19, 2008 Order, dispensing with oral arguments without the express written consent or invitation of the Court

The Debtor asserts that he has been denied due process and equal protection by the Court dispensing with oral arguments. The Court in its May 19, 2008 Order stated that it

MEMORANDUM OF DECISION - 3
 Case 01-49703-PBS    Doc 490    Filed 07/16/08    Ent. 07/16/08 13:20:47    Pg. 3 of 6

would no longer hold hearings with oral arguments in the Debtor's cases. The Debtor did not appeal the May 19, 2008 Order. The ruling was partially in response to the Debtor's insistence on reading into the record pleadings that had been previously filed by him in these proceedings. The Court also found the Debtor's oral comments to be increasingly offensive and abusive to both opposing parties and the Court.

The May 19, 2008 Order restricting oral argument applies equally to the Debtor and all other parties participating in this case. There is no violation of equal protection under the fifth amendment to the United States Constitution. Additionally, oral argument on a motion docket is permissive and is not required in order to satisfy due process under the Fifth Amendment. The written pleadings filed by all parties in this case have been, and continue to be, carefully considered and reviewed by this Court. <u>See</u> Fed. R. Civ. P. 78; <u>Jacobs v. Lanterman Developmental Ctr.</u>, 64 Fed. Appx. 98 (9th Cir. 2003); <u>Spark v. Catholic Univ. of Am.</u>, 510 F.2d 1277 (D.C. Cir. 1975). The Debtor's objection to enforcement of the May 19, 2008 Order is denied.

**C.    Objection to the Court's jurisdiction**

The Debtor's challenge to this Court's jurisdiction has been addressed and overruled on several occasions by this Court, and more recently in the BAP Memorandum[1]. For the reasons articulated in the BAP Memorandum, the doctrine of issue preclusion prevents the Debtor from re-litigating the issue as to whether this Court has jurisdiction over him and his property. The Debtor's objection to the Court's jurisdiction is denied.

---

[1] <u>See</u> BAP Memorandum, pages 12-17.

**D. Objection to the Trustee's request to enjoin the Debtor from taking any further action against the Trustee or her professionals without prior leave of this Court**

The Trustee requested by way of a response to the Rose Objection that the Debtor be enjoined from filing an action against the Trustee or her professionals without leave of this Court. Fed. R. Bankr. P. 7001(7) requires that an adversary proceeding be filed in a matter to obtain an injunction. The Trustee's request for an injunction is denied without prejudice.

**E. Request for recusal of the undersigned judge**

The Debtor has also demanded that the undersigned judge recuse himself from this case, stipulate to his criminal conduct and resign from office. There are two provisions of the United States Code addressing recusal. 28 U.S.C. § 144; 28 U.S.C. § 455. The decision of the Ninth Circuit in In re Goodwin, 194 B.R. 214, 221 (9th Cir. BAP 1996) establishes that 28 U. S. C. § 144 is inapplicable to bankruptcy judges.

In the instant case, the Debtor has continued to file unsupported, false and contemptuous pleadings (and make in-court oral statements) asserting an alleged improper relationship and conspiracy between the undersigned judge, state court judicial officers, his own state court attorneys, opposing counsel, the current and former bankruptcy chapter 7 trustees, the purchaser of his residence in a bankruptcy ordered sale, and virtually anyone who has disagreed with him in either the state court or the current bankruptcy proceedings. The Debtor more recently identifies many of the above individuals as being part of a "criminal association." The Debtor has also stated in prior pleadings that the judicial officers of the federal courts of the Western District of Washington, other judges in the Ninth Circuit and every member of the Washington State Bar Association have a conflict of interest and should

not participate in this case. These pleadings have also been filed without any support or factual bases.

In a motion for recusal under 28 U.S.C. § 455, a judge is not required to take a litigants factual allegations as true. In re American Ready Mix, Inc., 14 F.3d 1497, 1501 (10th Cir. 1994). It is also the intent of Congress that 28 U.S.C. § 455 not disqualify judges based on unsupported allegations or intemperate claims. United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986); In re San Juan Dupont Plaza Hotel Fire Litig., 129 F.R.D. 409, 415 (D. Puerto Rico 1989). "[A] judge once having drawn a case should not recuse himself on a unsupported, irrational, or highly tenuous speculation; were he . . . do so, the price of maintaining the purity of appearances would be the power of litigants or third parties to exercise a negative veto over the assignment of judges." In re United States, 666 F.2d 690, 694 (1st Cir. 1981). The Debtor's request for recusal is denied.

In summary, the Debtor's objections to (1) the Trustee's Final Report and expenses of administration, (2) restricting oral argument, (3) the jurisdiction of the Court, and (4) his request for recusal of the undersigned judge are denied. Further the Trustee's request for an injunction is denied.

DATED: July 16, 2008

*Paul B. Snyder*
_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 6